UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

Maria Ligia MERCADO,

ORDER
                    Plaintiff,

                                                    No. 07-cv-3563 (NG) (VPP)
        - v. -


CHOYANG MEDICAL CO. LTD., d/b/a
CHOYANG MEDICAL INDUSTRY LTD.,            **FILED**
JOHN DOE and JANE DOE d/b/a CHO YANG      IN CLERK'S OFFICE
HEALTH EQUIPMENT, CHO YANG DANA       U.S. DISTRICT COURT E.D.N.Y.
U.S.A. CORP., CHOYANG DANA USA CORP.,
HYUN CHUNG KIM, CHOYANG NEW            ★  JUL 3 - 2014  ★
YORK, INC., and XYZ DISTRIBUTION INC.,

                                            **BROOKLYN OFFICE**
                    Defendants.

-------------------------------------------------------x
GERSHON, United States District Judge:


        Plaintiff Maria Ligia Mercado was allegedly injured during a free trial use of defendants'

massage bed at a shopping mall in 2004. She commenced this diversity action almost three years

later, on August 24, 2007, to recover damages caused by that incident. Upon plaintiff's motion,

the court entered a default judgment against defendants on September 30, 2009, and referred the

case to the Hon. Viktor V. Pohorelsky, Magistrate Judge, for the determination of damages.

        Deficiencies with plaintiff's submissions caused the magistrate judge to recommend, on

October 3, 2011, that plaintiff's motion for damages be denied without prejudice and that

plaintiff be provided with an opportunity to renew her motion and submit adequate admissible

evidence—specifically, authenticated medical records and the affidavit of a treating physician—

to allow the court to determine her damages with reasonable certainty. On November 3, 2011,

the court adopted the Report and Recommendation in its entirety, denied plaintiff's motion for

- 1 -

damages without prejudice, and ordered plaintiff to supply additional admissible evidence supporting her damages claim by December 29, 2011. Because a copy of the court's order was not electronically filed until September 24, 2012, the court extended plaintiff's deadline for submitting damages evidence to November 20, 2012.

Plaintiff then requested numerous extensions of time, resulting in delays of almost a year and a half in submitting admissible evidence. On November 15, 2012, plaintiff requested an extension of time until January 4, 2013 to obtain authenticated medical records from the treating facilities and a final medical evaluation. (*See* Dkt. No. 21.) The court granted this request. On December 27, 2012, plaintiff filed a second request for an extension of time, stating that she had obtained the certified medical records but had been unable to schedule the medical evaluation. (*See* Dkt. No. 22.) By order dated January 7, 2013, the court granted plaintiff an additional sixty days to submit evidence substantiating her claim for damages. On March 4, 2013, the plaintiff filed a third request for a further sixty-day extension (*see* Dkt. No. 23), which was also granted (*see* Dkt. No. 24). Plaintiff requested a fourth extension on April 29, 2013, asserting that she had obtained all of the relevant medical records, but that there were "difficulties scheduling a mutually agreeable date for both Plaintiff and the physician to perform the [outstanding medical] examination." (Dkt. No. 25.) In an April 30, 2013 minute order, the court granted plaintiff until August 2, 2013 to submit additional evidence.

Plaintiff failed to make any submissions by this deadline. Almost three months later, on October 28, 2013, plaintiff filed a belated motion for an extension of time. (*See* Dkt. No. 26.) The motion provided no explanation for her failure to comply with the August 2, 2013 deadline, stating only that the medical examination had yet to be scheduled. (*Id.*) The court referred this motion to Judge Pohorelsky. After hearing from plaintiff on December 12, 2013, the magistrate

judge granted plaintiff an additional ninety days "to obtain and provide the necessary documentation," but "specifically warned [counsel] that if further filings are not made by March 15, 2014, the case will be dismissed." (Dkt. No. 28.) Notwithstanding this express warning, plaintiff failed to submit any medical evidence by the March 15 deadline. Instead, plaintiff filed a letter on March 14, 2014, stating that "[a]s a result of unrelated medical issues . . . , she has been unable to attend medical evaluations concerning the orthopaedic conditions that relate to [her] claim" and thus could not submit the necessary medical report. (Dkt. No. 29.) Plaintiff did not move for any further relief.

Because of plaintiff's failure to submit damages evidence by the court-ordered deadline, Judge Pohorelsky recommended on April 14, 2014 that this action be dismissed. (Dkt. No. 30.) Plaintiff timely objected to the Report and Recommendation on April 28, 2014, and attached the long-overdue medical documentation.[1] (Dkt. No. 31.) In addition to certified medical records, which appear to have been in her possession since December 2012, plaintiff submitted a report from an examining physician—Dr. Ali E. Guy, an internist certified in physical medicine and rehabilitation—who saw plaintiff for the first time on April 19, 2014. (*Id.*)

In reviewing the Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because plaintiff timely objected to the report, the court's review is *de novo*. *Id.*; *see also* Fed. R. Civ. Proc. 72(b)(3).

---

[1] A hard copy of plaintiff's objections was received by the court on April 28, 2014, but the objections were not electronically filed on ECF until April 30, 2014.

Dismissing an action under Federal Rule of Civil Procedure 41(b) is "one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). For this reason, the court must give the plaintiff "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013). Further, because "the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless, it should be used only in extreme situations . . . , and even then only upon a finding of willfulness, bad faith, or reasonably serious fault." *Id.* (internal quotation marks and citations omitted). In determining whether dismissal is warranted, the court must consider: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal" is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Considering these five factors, as well as the record as a whole, the court declines to dismiss plaintiff's claims under Rule 41(b).

Judge Pohorelsky's well-reasoned Report and Recommendation thoroughly and accurately recounts the facts surrounding plaintiff's numerous delays in complying with the requirement that she substantiate her damages claim. In particular, plaintiff violated the court's scheduling orders on two occasions, first by failing to comply with the April 30, 2013 minute order and then by violating the December 12, 2013 order. Moreover, the December 12th order

- 4 -

indisputably gave plaintiff notice that further delays would be met with dismissal of the case. "Conduct such as occurred here can impose serious costs . . . on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell*, 708 F.3d at 468. The issuance of the Report and Recommendation, as well as the court's consideration of plaintiff's objections, would not have been necessary had plaintiff submitted supporting medical evidence in a timely manner. Put simply, plaintiff's failure to comply with the court's scheduling orders has wasted public resources and disrupted the court's orderly management of its docket.

Plaintiff's counsel offers no sound explanation for the failure to comply, on two consecutive occasions, with the court's scheduling orders. The asserted difficulties in obtaining authenticated medical records have no bearing on this issue; plaintiff obtained the certified records by December 2012, well before the relevant orders. Plaintiff vaguely asserts that unspecified conflicts made it difficult to schedule a date for a medical examination by her treating physician. *See* Pl.'s Aff. ¶ 53. In addition, plaintiff asserts that she was incapacitated from February 2013 to June 2013 due to an unrelated blood disease, from which she did not recover until late 2013, *see* Pl.'s Aff. ¶¶ 54-55; and that an inflammation of her lumbar spine affected her ability to walk from January 2014 to March 2014, *see id.* ¶¶ 56-57. But none of these alleged circumstances excuse plaintiff's failure to obtain a medical affidavit by the August 2, 2013 or March 15, 2014 deadlines, or excuse counsel's failure to timely seek appropriate relief from those orders. During the periods of her alleged incapacitation, plaintiff was able to attend "numerous follow-up examinations with her urogynecologist, infectious disease doctor, and rheumatologist," *id.* ¶ 55, and to seek treatment for her lumbar spine, *id.* ¶ 56. She does not explain why she was able to attend these appointments, but unable to schedule a single visit with

an orthopedist as mandated by the court. It is particularly striking that, after many months of repeated delays, plaintiff managed to schedule a medical examination a mere five days after the Report and Recommendation issued. In sum, neither plaintiff nor counsel gives any compelling justification for why this examination could not have been completed earlier.

Several of the *Lucas* factors, however, weigh against dismissal. After the Report and Recommendation issued, and within the time period allotted for filing objections, plaintiff submitted the missing medical evidence. Since the record is now complete, there is no appreciable risk of further delay. Moreover, prejudice to the defaulting defendants from the delay cannot fairly be presumed; in more than three years since the entry of default, defendants have not sought to vacate the default judgment or otherwise appear.

A district court should employ the remedy of Rule 41(b) dismissal "only when [the court] is sure of the impotence of lesser sanctions." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980). Delays occasioned by "sloppiness or negligence," as opposed to those that "seek an unfair advantage over the adversary in the litigation," generally do not warrant the drastic sanction of involuntary dismissal. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012). In such circumstances, "any sanction should ordinarily be directed against the attorney rather than the party, absent strong justification." *Id.*

In this case, the court concludes that lesser sanctions, which would not prejudice counsel's client, are a viable alternative to dismissal. Federal Rule of Civil Procedure 16(f) authorizes the court, "on motion or on its own," to order sanctions if an attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "In deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was

violated is sufficient to allow some sanction," including fines payable to the court. Wright, Miller, Kane & Marcus, 6A Fed. Prac. & Proc. § 1531 (3d ed. 2014). Similarly, the court may exercise its inherent power "to sanction attorneys for . . . violations of court orders or other conduct which interferes with the court's power to manage its calendar . . . without a finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). Whatever the reasons for plaintiff's delays in submitting supporting medical evidence, the court's scheduling orders were violated, and counsel did not timely seek appropriate relief from those orders. This conduct has wasted the time of the magistrate judge and the undersigned, and interfered with the court's ability "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)).

Accordingly, the court modifies the Report and Recommendation of April 14, 2014, as follows:

In light of the strong judicial policy in favor of deciding cases on the merits, *see, e.g.*, *Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 249 (2d Cir. 1996), and the fact that the record is now complete, the court concludes that involuntary dismissal under Rule 41(b) is not warranted. The court refers plaintiff's Amended Inquest Submission on Damages (Dkt. No. 31-1) to Judge Pohorelsky for the determination of damages.

Further, on the court's own motion, plaintiff's counsel, Gary Certain, Esq., is hereby **ORDERED TO SHOW CAUSE** why he should not be sanctioned, pursuant to Rule 16(f) and the court's inherent powers, in the amount of $1,000, payable to the Clerk of Court, for violating the court's scheduling orders. Plaintiff's counsel is directed to file a written response to the Order

to Show Cause by July 16, 2014, but may not seek any recompense from his client for any monetary sanctions imposed or attorney's fees incurred in responding to this Order to Show Cause.

**SO ORDERED.**

s/Nina Gershon

**NINA GERSHON**
**United States District Judge**

**Dated: July 2, 2014**
**Brooklyn, New York**